# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ALEXIS KARLE

PAUL JONES

**Plaintiff**

V.

STELLAR RECOVERY INC

I.C SYSTEM INC.

CREDIT CONTROL SERVICES INC.

DIVERSIFIED CONSULTANTS INC.

ENHANCED RECOVERY SYSTEMS

TMOBILE

LIFEWATCH, INC. d/b/a LIFEWATCH USA

**Defendants**

# VERIFIED COMPLAINT

### Parties

1. The Plaintiff Alexis Karle is a resident of Springfield MA 01109, County of Hampden, and a citizen of the United States.

2. The Plaintiff Paul Jones is a resident of Stoughton, MA 02072, County of Norfolk, and a citizen of the United States.

3. Defendant Stellar Recovery Inc. (hereafter Stellar) is a third party debt collection company with a usually address of 1327 Highway 2W #100, Kalispell, MT 59901.

4. Defendant I.C Systems Inc. (hereafter I.C) is a third party debt collection company with a usually address of 444 Highway 96 E, Saint Paul, MN 55127-2557.

5. Defendant Credit Control Services, Inc (CCS Companies) (hereafter CC) is a third party debt collection company with a usually address of Two Wells Avenue, Newton, Ma 02459.

6. Defendant Diversified Consultants Inc. (hereafter Diversified) is a third-party debt collection company with a usually address of 10550 Deerwood Park Blvd, Jacksonville, FL, 32256.

7. Defendant Enhanced Recovery Systems (hereafter ERC) is a third-party debt collection company with a usually address of 8014 Bayberry Rd., Jacksonville, FL, 32256.

8. Defendant T-Mobile Financial LLC (hereafter T Mobile )is a foreign corporation with a usually address of 12920 SE 38TH STREET, Bellevue, WA 98006 with a registered (CT Corporations) agent located at 84 State Street, Boston, Ma 02109.

9. The defendants, Life Watch, Inc., d/b/a Life Watch, (hereinafter "Life", , are related corporate entities involved in various aspects of the medical alert device business and/or other business, One or more of the Life Watch entities is a New York Corporation with its principal place of business in Lynbrook, New York, Defendant Life Watch Inc., d/b/a Life Watch USA, is a New York Corporation with its principal place of business in Lynbrook, New York.

**Jurisdiction**

10. This court has jurisdiction over this matter pursuant to 15U.S.C. §1692, 15 U.S.C. §1681p and 28 U.S.C. §1332.

11. The occurrences which give rise to this action occurred in Massachusetts and Plaintiffs resides in Massachusetts and the defendants transact business in Massachusetts.

12. Venue is proper in Massachusetts, because defendants intentionally reached into the county of Hampden Massachusetts and caused injury to the plaintiffs.

13. This Court has jurisdiction over defendants pursuant because defendants caused injury to plaintiff within this state (Massachusetts) while it was engaged in service activities, to wit, debt collection, within this state.

14. Venue is proper in Hampden County, Massachusetts, because the acts giving rise to the cause of actions took place within that county. Particularly, the offending communications were all made and directed into the County of Hampden.

## FACTS

15. Defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have violated the Federal Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5),Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00. by calling plaintiffs wireless VoIP, home phone with an Automatic Dialing System and leaving computerized artificial voice messages for someone that the plaintiffs does not know or has ever met.

16. This is a complaint for money damages.

17. Plaintiffs seeks $500 for each first telephone call and $1500 for each call thereafter.

18. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile left several computerized artificial prerecorded voice mail on Alexis Karle's answering service, each violation carry a separate and distinct penalty of $500 and or $1500 per violation.

19. The TCPA, and the MGL 93a act allows consumers to stack each and every violation of the law, each call and computerized artificial prerecorded voice mail left on plaintiff's answering machine is a separate and distinct violation, under the above statues.

20. Plaintiff Paul Jones answered several calls to Alexis Karle from defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile on several occasions.

21. Plaintiffs are entitled to collect separate damages on each and every violation of the TCPA, FDCPA, MGL 93a and punitive damages and attorney's fees from violations of the Massachusetts Debt Collection Regulation Act 940 CMR 7.00 and plaintiffs intends to pursue it through this complaint against defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile.

22. Either Plaintiffs has no prior or present established relationship with Defendants Stellar, I.C, CC, Diversified, ERC, Life and or Tmobile.

23. Plaintiffs has never given Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile express written permission to call Plaintiff's wireless VoIP and or home phone with an Automatic Dialing System and a Computerized Artificial Voice messages.

24. Plaintiff has no contractual obligation to pay Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile.

25. Defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile continues to attempt to enforce and collect a non-existent debt.

26. Plaintiff contends that the Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

27. Plaintiff is charged $7.00 per month fee for all calls plaintiff is suing under the charged call provision of the TCPA which states:

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.— (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— This summary of the Telephone Consumer Protection Act (47 U.S.C. § 227) is provided for convenience only. Individuals should also refer to the United States Code at http://www.gpoaccess.gov.

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

**(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);**

*28.* The call charge provision under the TCPA state that *any service for which the called party is charged for the call, it does not state that the plaintiff must be charged per call, the TCPA does not even use the word per in the statue.*

29. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile called plaintiff Alexis Karle's home phone without an emergency purpose and left an **artificial or prerecorded voice to deliver a message without the prior express consent of the called party which is contrary to the TCPA, FDCPA, MDCRA, and MGL 93a. and plaintiff Paul Jones regularly answers the phone at her residence.**

30. Plaintiff contends that the Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

31. The plaintiffs are non-debtor and owes nothing to defendants Stellar, I.C, CC, Diversified, ERC and Tmobile.

32. This is not Defendant's Stellar, I.C, CC, Diversified, ERC, Life and Tmobile first attempt to illegally collect this debt.

33. All the telephone calls to plaintiff's home / VoIP telephone from defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile are all related to the collection of a consumer debt and or to sell the plaintiffs goods or services.

34. The Plaintiffs are consumers within the meaning of the FDCPA, TCPA, MDCRA and the MGL 93a.

35. The defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile are debt collectors within the meaning of the FDCPA, TCPA, MDCRA and the MGL 93a.

36. The TCPA restriction on prerecorded messages sent to residential phone is found under the TCPA at 47 U.S.C. § 227(b). As a result, each prerecorded message that is let on a consumer answering service is a violation of the TCPA at 47 U.S.C. § 227(b), there is a private action for $500 per message and per call.

37. In calculating the $500 per violation for purposes of section 227(c) and § 227(b), which allows a private right of action only after the second call, the plaintiff is entitled to damages for each call including the first one.

38. The defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile acted voluntarily and under its own free will, the above defendants acts of willfully or knowingly is relevant only to an enhanced award and is not a general prerequisite to a recovery of statutory damages.

39. The TCPA prohibits placing a call that uses a computerized artificial or prerecorded voice to a residence. *47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3)* Unlike the provision dealing with cell phones, <u>this provision does not prohibit the use of auto-dialers to make live calls to a consumer's residence</u>. As a result, it does not prevent debt collector's calls generally—<u>**just those using a prerecorded message.**</u>

40. The defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile phone system can randomly or sequential generate telephone numbers and their telephone systems has the capacity to store and generate telephone numbers and call without human intervention, the TCPA is a strict liability statute,

41. The plaintiff need not prove any monetary loss or actual damages in order to recover the statutory penalty.

42. Defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile failed to place Plaintiff on its do-not-call-list and to obide by the new Telephone Consumer Practices Act new law which took effect on October 16, 2013 which states: To make a call one must have Prior express written consent Unambiguous written consent required before calling or text message. *Exception*: calls that are manually dialed and do not contain a pre-recorded message are exempt from the TCPA. 1) **Beginning October 16, 2013, prior express written consent will be required for all autodialed and/or pre-recorded calls/texts sent/made to cell phones and pre-recorded calls made to residential land lines.**

43. Plaintiffs received several Robo calls from 602-841-8071 Life offering a medical alert devise and plaintiffs has never given written authorization to Life to call and offer anything for sale which is contrary to the TCPA and the new TCPA law that took effect on October 16, 2013, also the caller ID displayed Nguyen Duong 602-841-8071 which is contrary to the FDCPA, TCPA and MGL 93a false and deceptive trade practices Act.

44. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile continued to make the calls to Plaintiffs.

45. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have violated the TCPA by leaving Computerized Artificial Voice Messages on plaintiff's answering machine.

46. Plaintiff has been called repeatedly from defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile with an Automatic Dialing System looking for someone other than the plaintiff, the defendants has left several computerized Artificial prerecorded voice messages on plaintiff answering service which is contrary to the Federal Debt Collection Practices Act (FDCPA),

Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5),Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

47. Plaintiff has sent the defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile a Massachusetts Unfair & Deceptive Trade Practices Act Demand Letter.

48. Defendant Stellar is a foreign corporation, authorized to do business in Massachusetts with a registered agent in Massachusetts which is Business Filing Incorporated with a location of 155 Federal St, STE. 700, Boston, Ma 02110.

49. Defendant I.C Systems Inc. is a foreign corporation, authorized to do business in Massachusetts with a registered agent in Massachusetts which is '444 Highway 96 East, St. Paul, MN, 55164-0444.

50. Defendant Credit Control Services, Inc is a corporation, authorized to do business in Massachusetts with a registered agent CT Corporation System 101 Federal Street Suite 700 Boston, MA 02110.

51. Defendants Stellar have violated the TCPA, FDCPA, MDCRA and the MGL 93a acts by calling the Plaintiff's home telephone without written express permission on at least 22 occasions and leaving several computerized artificial voice message looking for a Mellissa Nunez.

52. The computerized artificial voice messages from defendant Stella that was left on plaintiff answering machine states" If this is Mellissa Nunez please press one now if this is not Mellissa Nunez please press two now. By continuing to listen to this message you acknowledge you are Mellissa Nunez you should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this

message to allow you to listen to this message in private. This is Stellar Recovery at (877)236-5791 this communication is from a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose please contact me about an important business matter at (877)236-5791."

53. Plaintiff has press one on several occasion as the recording has instructed he to do only to heard silence and then she went to a dial tone (Hang up).

54. Plaintiff has called (877)236-5791and ask for her to be removed from the call list and the person has asked her several times for account number and she has stated she has no account and stated the telephone number that was called and was promised that the telephone number 413-363-1441 would be removed only to get more calls from a Computerized Artificial Voice Message.

55. Defendant CC have violated the TCPA, FDCPA, MDCRA and the MGL 93a acts by calling the Plaintiff's home telephone without written express permission on at least 10 times with a computerized artificial voice message looking for a Herminial Valorous.

56. Plaintiff does not know or has ever known a Herminial Valorous, from the very first call the plaintiff has been trying to stop all calls from the defendant.

57. The computerized artificial voice message from defendant CC stated " **Please be advised this is a personal business message for Herminial Valorous if the intended party cannot be reached at this call 866-945-4973 and we will cease further attempts to this number if you are not the intended party please hang up at this time, this message contains private information and should not be played in a manner where it can be heard by others, This call is from Credit Collection Services this is an attempt to collect a debt and any**

**information obtained will be used for that purpose, visitcertifiednotice.com to access your personal account information your file number is 05052764766."**

58. On several occasions the plaintiff has called 866-945-4973 to inform the defendant CC that there is no one by the name of Herminial Valorous at plaintiff telephone number and to remove the telephone number 413-363-1441 from their call center defendants informed the plaintiff that her number would be removed and it was not the calls continued.

59. Defendant Enhanced Recovery Company called plaintiff on at least these occasions below using an Automatic Dialing System looking for another individual other than the plaintiff the telephone number 800-496-8418 is registered to an Automatic Dialing Announcement Devise according to the Public Utility's Commission of Texas (See Attached P.U.C certified documents)

    **From 800-496-8418 On July 2, 2014 at 12:03 pm**

    **From 800-469-8418 on July 20, 2014 at 8:29 am**

    **From 800-469-8418 on July 20, 2014 at 12:35 pm**

    **From 800-469-8418 on June 20, 2014 at 8:29 am**

    **From 800-469-8418 on June 12, 2014 at 12:35 am**

60. Defendant Diversified called plaintiff on at least these occasions below using an Automatic Dialing System looking for another individual other than the plaintiff the telephone number 508-762-4339 is registered to the defendants call center LIVE VOX.

    **From 508-762-4339 on May 5, 2014 at 3:03 pm**

    **From 508-762-4885 on April 16, 2014 at 4:39 pm,**

    **From 508-471-5726, on April 14, 2014 at 544pm**

    **From 508-762-4884 on April 21, 2014 at 316pm**

**From 877-247-2144 on May 20, 2014 at 1:30 pm,**

*61.* During the relevant time period, DCI utilized a telephone system operated by LiveVox in order to place many, if not all, of its telephone calls. Both Mavis-Ann Pye, who was the DCI Vice President of Compliance, and the DCI website refer to the LiveVox system as a "predictive dialer." (Pye Dep. at 20-21; Lemberg Decl., Ex. F, DCI Website).3 Every morning, DCI Director Jamie Sullivan uploaded a file containing telephone numbers into the LiveVox cloud-based server.4 The LiveVox system then called those numbers throughout the day. If someone answered the call, the system routed that call to a DCI debt collector. The parties dispute whether DCI or LiveVox actually placed the telephone calls. DCI had the option to store telephone numbers in the LiveVox system for up to 30 days. (Pye Dep. at 80). However, the numbers instead were erased at 1:00 a.m. every night, and DCI uploaded new numbers every morning. (Leszczynski Aff. ¶ 7). Pye stated that DCI had the option for LiveVox to dial numbers sequentially; DCI did not, however, use that function. (Pye Dep. at 89).5 According to a memorandum written by LiveVox concerning the Telephone Consumer Protection Act, "the LiveVox Application Service, while able to store or produce telephone numbers to be called, does not have the capacity to store or produce numbers to be called using a random or sequential number generator." (Pl. Mem., Ex. C) (emphasis in original). LiveVox therefore concluded that its system does not constitute an "automatic telephone dialing system" under the TCPA, but noted in the memorandum that one court has disagreed with that conclusion. (Id.) See

**See Davis v. Diversified Consultants, Inc.,** *No. 13-10875 (D. Mass. June 27, 2014).*

62. *The District of Massachusetts recently entered summary judgment in favor of a plaintiff after deferring to FCC statements that purport to expand the definition of an automated telephone dialing system ("ATDS") to include predictive dialers that can dial stored numbers without human intervention.* See Davis v. Diversified Consultants, Inc., *No. 13-10875 (D. Mass. June 27, 2014).*

63. **The defendant I.C System has a registered Automatic Dialing Announcement Device (hereafter ADAD) with the Public Utilities Commission of Texas and the physical location of the ADAD is Michelle Dove 444 Highway 96 E, ST PAUL, MN 50401, plaintiff will subpoena an inspection of this devise through discovery.**

64. This ADAD has the same definition of an Automatic Dialing System recognized by the FTC and the Telephone Consumer Practices Act (TCPA).

65. On or about January 1 2015 until on or about February 25, 2015 Defendant IC was calling the Plaintiff's Home telephone phone with a computerized artificial voice without prior permission or for emergency purposes looking for a Melisa Nunez also.

66. Defendant I.C Systems called approximately 62 times, when plaintiff answered several calls there was no one on the other line at all and then the telephone would go to a dial tone as if the defendant hung up.

67. The defendant I.C called plaintiff's telephone and the caller I.D displayed I.C System and some time it displayed block

68. The plaintiff does not know a person or has ever known a person by the name of Melisa Nunez, from the very first call the plaintiff has been trying to stop all calls from the defendant IC.

69. On several occasions defendant IC called plaintiffs home telephone plaintiffs caller ID showed IC Systems plaintiffs friend Paul Jones answered the phone and there was no one there for

about 5 seconds then a live phone operator came on and stated can I speak with a Melisa Nunez plaintiffs roommate ask for his name he stated his name was Dennis Roftan then the representative hung up.

70. Plaintiffs informed the defendants Stellar, IC and CC several times that they had the wrong number when she did get to a live person.

71. **The plaintiff is charged for the calls that was made by the defendants** Stellar, I.C, CC, Diversified, ERC, Life and Tmobile **to the** plaintiff which is contrary to the Federal Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5),Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

72. Plaintiff has written the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile with a Cease & Desist and debt validation notice and the defendant has refused to validate the debt which is contrary to the Federal Debt Collection Practices Act (FDCPA), Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

73. The voice messages that where left by the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile are computerized/artificial voice messages and are in direct contrary to Federal Debt Collection Practices Act (FDCPA), Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

48. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile failed to properly maintain or train its personnel how to comply with the TCPA and the FCC rules and regulations.

49. Defendant Tmobile called plaintiff several times from a block number asking for Carl Hernandez if this is please press 1 otherwise press two or to here this message again press

pound the plaintiffs press two .

50. Plaintiffs have never given Tmobile or any of the defendant express written permission to call here home phone with an ADAD and or ATDS which is contrary to the FDCPA, MDCRA, TCPA and MGL 93a.

## COUNT I
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) (iii)
## BY DEFENDANTS STELLAR, I.C, CC, DIVERSIFIED, ERC, LIFE and TMOBILE

49. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

50. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) **(iii)** by using an automatic telephone dialing system to call Plaintiff's home telephone number. which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

51. Plaintiff is charged for the call and enacts the call charge provision of the TCPA which there is a private rite of action of $500 for each violation and or Call.

52. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have also violated the new TCPA law as of October 16, 2013 that states one must has written Express permission to call plaintiffs home, cell or wireless telephone number with an Automatic, Computerized

prerecorded voice mail plaintiff demand $500 for each violation (Call & prerecorded voice mail that was left by each defendant).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile for $500 for each separate voice mail and telephone call and $1500 for each call after plaintiffs informed defendant to cease all calls. Plaintiff request statutory, treble punitive damages and injunctive relief from defendant, and any other the court fine appropriate.

## COUNT II
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5)
### BY DEFENDANTS STELLAR, I.C, CC, DIVERSIFIED, ERC, LIFE and TMOBILE

53. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

54. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.

55. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile called the Plaintiff's wireless, VoIP home phone, contrary to 47 U.S.C. §227(b)(2)(5).

56. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile has demonstrated willful or knowing non-compliance with 47 U.S.C. by calling the Plaintiff's wireless, VoIP home phone, which the plaintiff is charge for the call contrary 47 U.S.C. **§227(b)(1)(A)(iii)** which states in part;

57. The defendants wireless, VoIP home phone has demonstrated willful or knowing non-compliance with 47 U.S.C. by violating the call charge provision and by not having express permission:

    **Telephone Consumer Protection Act 47 U.S.C. § 227 SEC. 227. [47 U.S.C. 227] RESTRICTIONS ON THE USE OF TELEPHONE EQUIPMENT (a) DEFINITIONS.— As used in this section— (1) The term "automatic telephone dialing system" means equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. (2) The term "established business relationship", for purposes only of subsection (b)(1)(C)(i), shall have the meaning given the term in section 64.1200 of title 47, Code of Federal Regulations, as in effect on January 1, 2003, except that— (A) such term shall include a relationship between a person or entity and a business subscriber subject to the same terms applicable under such section to a relationship between a person or entity and a residential subscriber; and B) an established business relationship shall be subject to any time limitation established pursuant to paragraph (2)(G)).**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants wireless, VoIP home phone for $500 for each voice mail and $1500 for each call after plaintiffs informed defendant and to cease all Calls. Plaintiffs request statutory, treble punitive damages and injunctive relief from defendants, and any other the court fine appropriate and proper.

## COUNT III
## VIOLATION OF FEDERAL DEBT COLLECTION PRACTICES ACT BY DEFENDANTS STELLAR, I.C, CC, DIVERSIFIED, ERC, LIFE and TMOBILE

59. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

60. Plaintiffs are consumers within the meaning of § 1692a (3).

61. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile are debt collectors within the meaning of §1692a(6).

62. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile placed no less than 100 calls to plaintiff's wireless, VoIP Home telephone, after plaintiffs informed them that they had the wrong number or no express written permission to call plaintiffs telephone number and or they received plaintiffs Cease & Desist request. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile knew or should have known that the phone calls made were inconvenient to the consumers. Such communications are prohibited by 15U.S.C. § 1692c (a) (1). Plaintiff demands $1000 from each defendant Stellar, I.C, CC, Diversified, ERC and Tmobile.

63. Defendant Stellar, I.C, CC, Diversified, ERC and Tmobile violated §1692e (10) by the use of any false representation or Deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

64. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile violated 15 U.S.C. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

65. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile violated the FDCPA. Defendant's violations include, but are not limited to, the following:

**§1692e (5) by threatening to take any action that could not legally be taken or that was not intended to be taken.**

**§1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**§1692e (11) by failing to warn that it was a debt collector.**

**§1692g by failure to send a validation notice within five days of the initial communication.**

**§15 USC 1692d (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

**§15 USC 1692c 1 at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;**

**(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --**

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile for $1000.00 for statutory damages, actual damages, punitive damages, and attorney's fees and costs of bringing this lawsuit.

Respectfully Submitted,

Alexis Karle /s/ ALEXIS KARLE        Paul Jones  /s/ PAUL JONES

79 Thompson Street                            572 Park Street

Springfield, Ma 01109                          Stoughton, MA 02072

413-693-4890                                       888-655-3004

akarle92081@gmail.com                    Pj22765@gmail.com

## **VERIFICATION OF VERIFIED COMPLAINT AND CERTIFICATION**

STATE OF MASSACHUSETTS
Plaintiffs, Alexis Karle, Paul Jones, states as follows:

We are the Plaintiff in this civil proceeding.

We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

We believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. We have filed this Verified complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by us where appropriate, we have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones and Alexis Karle, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

    Alexis Karle    /s/ Alexis Karle

    Paul Jones Prose    /s/ PAUL JONES

    DATE: May 27, 2015