UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**ALEXIS KARLE**

**PAUL JONES**

**Plaintiff**                    *Civil No: 3:15-cv-30095-MGM*

**V.**

**STELLAR RECOVERY INC**

**I.C SYSTEM INC.**

**CREDIT CONTROL SERVICES INC.**

**DIVERSIFIED CONSULTANTS INC.**

**ENHANCED RECOVERY COMPANY, LLC**

**TMOBILE**

**LIFEWATCH, INC. d/b/a LIFEWATCH USA**

**Defendants**


### FIRST AMENDED VERIFIED COMPLAINT

#### Parties

1.  The Plaintiff Alexis Karle is a resident of Springfield MA 01109, County of Hampden, and a citizen of the United States.

2.  The Plaintiff Paul Jones is a resident of Stoughton, MA 02072, County of Norfolk, and a citizen of the United States.

3.   Defendant Stellar Recovery Inc. (hereafter Stellar) is a third party debt collection company with a usually address of 1327 Highway 2W #100, Kalispell, MT 59901 and their registered agent is Business Filing Corporated which is located at 155 Federal Street, Suite 700, Boston, Ma 02110.

4.   Defendant I.C Systems Inc. (hereafter I.C) is a third party debt collection company with a usually address of 444 Highway 96 E, Saint Paul, MN 55127-2557 their registered agent is Mr. DAVID J. HOLDEN and he is located at 129 FOREST STREET P.O. BOX 570, NORWELL,   MA, 02061.

5.   Defendant Credit Control Services, Inc (hereafter CC) is a third party debt collection company with a usually address of Two Wells Avenue, Newton, Ma 02459 their registered agent is Registered Agent Solutions Inc. located at 10 Milk Street Suite 1055, Boston, Ma 02108.

6.   Defendant Diversified Consultants Inc. (hereafter Diversified) is a third-party debt collection company with a usually address of 10550 Deerwood Park Blvd, Jacksonville, FL, 32256 their registered agent is Incorp Services, Inc. and they are located at 10 Milk Street Suite 1055 Boston, Ma 02108.

7.   Defendant ENHANCED RECOVERY COMPANY, LLC (hereafter ERC) is a third-party debt collection company with a usually address of 8014 Bayberry Rd., Jacksonville, FL, 32256 and their registered agent is C T Corporation System and they are located at 155 Federal Street., Suite 700, Boston, Ma 02110.

8.   Defendant  T-Mobile Financial LLC (hereafter T Mobile )is a foreign corporation with a usually address of 12920 SE 38TH STREET, Bellevue, WA 98006 their registered agent is Corporation Service Company they are located at 84 State Street, Boston, Ma 02109.

9.   The defendants, Life Watch, Inc., d/b/a Life Watch, (hereinafter "Life", , are related corporate entities involved in various aspects of the medical alert device business and/or other business,

One or more of the Life Watch entities is a New York Corporation with its principal place of business in Lynbrook, New York, Defendant Life Watch Inc., d/b/a Life Watch USA, is a New York Corporation with its principal place of business in Lynbrook, New York.

## Jurisdiction

10. This court has jurisdiction over this matter pursuant to 15U.S.C. §1692, 15 U.S.C. §1681p and 28 U.S.C. §1332.

11. The occurrences which give rise to this action occurred in Massachusetts and Plaintiffs resides in Massachusetts and the defendants transact business in Massachusetts.

12. Venue is proper in Massachusetts, because defendants intentionally reached into the county of Hampden and Massachusetts and caused injury to the plaintiffs.

13. This Court has jurisdiction over defendants pursuant because defendants caused injury to plaintiffs within this state (Massachusetts) while it was engaged in service activities, to wit, debt collection and Telemarketing service within this state.

14. Venue is proper in Hampden County, Massachusetts, because the acts giving rise to the cause of actions took place within that county. Particularly, the offending communications were all made and directed into the County of Hampden.

## FACTS

15. The communications in question here are all related to the collection of a consumer debt.

16. The acts alleged herein all took place in Massachusetts, in that the offending calls were received there.

17. Plaintiffs has no prior or present established relationship with Defendants.

18.  Plaintiffs has never given Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile express permission to call Plaintiff's cellular phone, VoIP phone and or Home phone and to leave computerized messages.

19.  Plaintiffs has no contractual obligation to pay Defendant.

20.  Defendants continues to attempt to enforce and collect a non-existent debt.

21.  Defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have violated the Federal Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5),Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts  Debt Collection Regulation Act 940 CMR 7.00. by calling plaintiffs wireless VoIP, home phone with an Automatic Dialing System and leaving computerized artificial voice messages for someone that the plaintiffs does not know or has ever met.

22.  This is a complaint for money damages.

23.  Plaintiffs seeks $500 for each first telephone call (Computerized Message) and $1500 for each call thereafter.

24.  Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile left several computerized artificial prerecorded voice mail on Alexis Karle's home telephone VoIP answering service, each violation carry a separate and distinct penalty of $500 and or $1500 per violation.

25.  The debt defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile were trying to collect is a consumer debt.

26.  A person other than the plaintiffs allegedly incurred a consumer debt and or financial obligation to the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile.

27. The alleged debt was purchased, assigned or transferred to defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile.

28. The defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile attempted to collect the alleged debt and, as such, engaged in "communication" as defined in 15 U.S.C 1691a(2).

29. During the initial communication or by mail the plaintiffs Paul Jones and Alexis Karle explained to Defendants Stellar, IC, CC Diversified, ERC and Life that she was not the debtor.

30. Defendants apologized and assured plaintiffs Paul Jones and Alexis Karle that that their telephone numbers would be removed from the defendant data base.

31. Despite the forgoing, Defendants continued to place calls to the Plaintiffs in an attempt to collect an alleged debt or sell the plaintiff a product or service.

32. Plaintiff Alexis Karle and Paul Jones repeatedly informed defendants that they had the wrong number.

33. As a direct result of defendant Stellar, I.C, CC, Diversified, ERC and Life's acts practices and conduct, plaintiffs suffer and continues to suffer from personal physical injuries and physical sickness including body aches, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment..

34. The defendants Stellar, I.C, CC, Diversified, ERC and Life's conduct was so outrageous in character, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35. The TCPA, and the MGL 93a act allows consumers to stack each and every violation of the law, each call and computerized artificial prerecorded voice mail left on plaintiff's answering machine is a separate and distinct violation, under the above statues.

36. Plaintiff Paul Jones is a non-subscriber to Alexis Karle telephone and a customary user, and is the person whose privacy was interrupted by unwanted calls plaintiff has a cause of action.

37.   Plaintiff Paul Jones answered several calls to Alexis Karle from defendants Stellar, I.C, CC, Diversified, ERC and Life on several occasions.

38.   Plaintiffs has no prior or present established relationship with Defendants Stellar, I.C, CC, Diversified, ERC, Life and or Tmobile.

39.   Debt collection calls are legal to home telephone lines only if one has an established relations ship with the caller which neither the plaintiffs have.

40.   The FCC has made it clear in their DECLARATORY RULING AND ORDER Adopted: June 18, 2015 Released: July 10, 2015 regarding **REASSIGNED Telephone Numbers**: *We clarify that the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber (or non-subscriber customary user of the phone) and that caller best practices can facilitate detection of reassignments before calls. We generally agree with commenters who oppose granting these requests that there are solutions in the marketplace to better inform callers of reassigned wireless numbers; that businesses should institute new or better safeguards to avoid calling reassigned wireless numbers and facing TCPA liability; and that the TCPA requires consent from the actual party who receives a call. We clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such".*

41.   The FCC has made it clear in their DECLARATORY RULING AND ORDER Adopted: June 18, 2015 Released: July 10, 2015 regarding AUTO DIALERS which states: Autodialers which

state:" *We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialers") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialers" for the same reason. We also find that callers cannot avoid obtaining consent by dividing ownership of pieces of dialing equipment that work in concert among multiple entities".*

42.  The FCC has made it clear in their DECLARATORY RULING AND ORDER Adopted: June 18, 2015 Released: July 10, 2015 regarding Meaning of **"Called Party" WHICH STATES: "The TCPA states that it "shall be unlawful" to "make any call" using an autodialer or an artificial or prerecorded voice, absent certain exceptions, without "the prior express consent of the called party. "We find that the "called party" is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan. Both such individuals can give prior express consent to be called at that number. Thus, with the limited exception discussed below, calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based". We find support in the structure of the TCPA, however, for interpreting "called party" as the subscriber and customary users. Specifically, the TCPA's restriction on autodialed, artificial-voice, or prerecorded-voice calls to wireless numbers applies, inter alia, to "any service for which the called party is charged for the call." "267 In a separate provision, the TCPA allows**

**the Commission to exempt calls from the consent requirement if the called party is not**

**charged, subject to conditions to protect consumer privacy.268 Thus, "called party" is**

**best understood to mean the subscriber to whom the dialed wireless number is assigned**

**because the subscriber is "charged for the call" and, along with a non-subscriber**

**customary user, is the person whose privacy is interrupted by unwanted calls. The**

**TCPA's legislative history buttresses this interpretation, stating that it is the "receiving**

**party"—not the intended party—that consents to the call.269 75. We find it reasonable to**

**include in our interpretation of "called party" individuals who might not be the**

**subscriber, but who, due to their relationship to the subscriber, are the number's**

**customary user and can provide prior express consent for the call".**

43.  Plaintiffs contends that the Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile

have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but

nonexistent debt.

44.  Plaintiff Alexis Karle is charged $7.00 per month fee for all calls plaintiff is suing under the

charged call provision of the TCPA which states:

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.— (1)

PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person

outside the United States if the recipient is within the United States— This summary of the

Telephone Consumer Protection Act (47 U.S.C. § 227) is provided for convenience only.

Individuals should also refer to the United States Code at http://www.gpoaccess.gov.

(A) to make any call (other than a call made for emergency purposes or made with the prior

express consent of the called party) using any automatic telephone dialing system or an

artificial or prerecorded voice—

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

**(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);**

45. The call charge provision under the TCPA state that any service for which the called party is charged for the call, it does not state that the plaintiff must be charged *per call,* the TCPA does not even use the word per in the statue.

46. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile called plaintiff Alexis Karle's home phone without an emergency purpose and left an **artificial or prerecorded voice to deliver a message without the prior express consent of the called party which is contrary to the TCPA, FDCPA, MDCRA, and MGL 93a. and plaintiff Paul Jones regularly answers the phone at her residence.**

47. The plaintiffs are non-debtor and owes nothing to defendants Stellar, I.C, CC, Diversified, ERC and Tmobile.

48. This is not Defendant's Stellar, I.C, CC, Diversified, ERC, Life and Tmobile first attempt to illegally collect this debt.

49. The Plaintiffs are consumers within the meaning of the FDCPA, TCPA, MDCRA and the MGL 93a.

50. The defendants Stellar, I.C, CC, Diversified, ERC and Tmobile are debt collectors within the meaning of the FDCPA, TCPA, MDCRA and the MGL 93a.

51. The TCPA restriction on prerecorded messages sent to residential phone is found under the TCPA at 47 U.S.C. § 227(b). As a result, each prerecorded message that is let on a consumer answering service is a violation of the TCPA at 47 U.S.C. § 227(b), there is a private action for $500 per message and per call.

52. In calculating the $500 per violation for purposes of section 227(c) and § 227(b), which allows a private right of action only after the second call, the plaintiff is entitled to damages for each call including the first one.

53. The defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile acted voluntarily and under its own free will, the above defendants acts of willfully or knowingly is relevant only to an enhanced award and is not a general prerequisite to a recovery of statutory damages.

54. The TCPA prohibits placing a call that uses a computerized artificial or prerecorded voice to a residence. *47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3)* Unlike the provision dealing with cell phones, this provision does not prohibit the use of auto-dialers to make live calls to a

consumer's residence. As a result, it does not prevent debt collector's calls generally—**just those using a prerecorded message.**

55.  Plaintiff has sent the defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile a
     Massachusetts Unfair & Deceptive Trade Practices Act Demand Letter.

56.  Defendants Stellar have violated the TCPA, FDCPA, MDCRA and the MGL 93a acts by
     calling the Plaintiff's home telephone without written express permission on at least 22
     occasions and leaving several computerized artificial voice message looking for a Mellissa
     Nunez.

57.  The computerized artificial voice messages from defendant Stella that was left on plaintiff
     answering machine states" ***If this is Mellissa Nunez please*** press one now if this is not
     Mellissa Nunez please press two now. By continuing to listen to this message you
     acknowledge you are Mellissa Nunez you should not listen to this message so that other people
     can hear it as it contains personal and private information. There will now be a three second
     pause in this message to allow you to listen to this message in private. This is Stellar Recovery
     at (877)236-5791 this communication is from a debt collector, this is an attempt to collect a
     debt and any information obtained will be used for that purpose please contact me about an
     important business matter at (877)236-5791."

58.  Plaintiff has press one on several occasion as the recording has instructed he to do only to
     heard silence and then she went to a dial tone (Hang up).

59.  Plaintiff has called stellar at (877)236-5791and ask for her to be removed from the call list and
     the person has asked her several times for account number and she has stated she has no
     account and stated the telephone number that was called and was promised that the telephone

number 413-363-1441 would be removed only to get more calls from a Computerized

Artificial Voice Message.

60.  Defendant Stella called and plaintiff answered and there was a recorded message playing on at

least these dates below:

**Stellar recovery (401) 489-7777 2m 2s9:53 AM EST Tue Feb 24, 2015**
**Stellar recovery (401) 489-7777 5s10:45 AM EST Fri Feb 20, 2015**
**Stellar recovery (877) 236-5791 2m 2s12:09 PM EST Tue Feb 17, 2015**
**Stellar recovery (877) 236-5791 2m 3s2:05 PM EST Fri Feb 13, 2015**
**Stellar recovery (877) 236-5791 9s9:53 AM EST Fri Feb 13, 2015**
**Stellar recovery (401) 489-7777 3s10:10 AM EST Fri Feb 6, 2015**
**Stellar recovery (877) 236-5791 2m 2s9:52 AM EST Tue Feb 3, 2015**
**Stellar recovery (877) 236-5791 2m 2s11:46 AM EST Fri Jan 30, 2015**
**Stellar recovery (401) 489-7777 5s2:33 PM EST Tue Jan 27, 2015**
**Stellar recovery (401) 489-7777 9s 9:39 AM EST Tue Jan 27, 2015**
**Stellar recovery (401) 489-7777 2m 1s 9:55 AM EST Fri Jan 23, 2015**
**Stellar recovery (877) 236-5791 6s 4:39 PM EST Tue Jan 20, 2015**
**Stellar recovery (877) 236-5791 4s 9:17 AM EST Tue Jan 20, 2015**
**Stellar recovery (877) 236-5791 2m 1s 11:29 AM EST Fri Jan 16, 2015**
**Stella; Stellar recovery (401) 489-7777 3s 9:37 AM EST Tue Jan 13, 2015**

61.  Defendant Stella called and left a computerized artificial voice recorded message on plaintiffs

answering machine on at least dates below:

**Stellar recovery (877) 236-5791 9:53 AM EST Fri Feb 13, 2015**
**Stellar recovery (401) 489-7777 10:10 AM EST Fri Feb 6, 2015**
**Stellar recovery (401) 489-7777 2:33 PM EST Tue Jan 27, 2015**
**Stellar recovery (401) 489-7777 9:38 AM EST Tue Jan 27, 2015**
**Stellar recovery (877) 236-5791 4:39 PM EST Tue Jan 20, 2015**
**Stellar recovery (877) 236-5791 9:17 AM EST Tue Jan 20, 2015**
**Stellar recovery (401) 489-7777 9:37 AM EST Tue Jan 13, 2015**

62. Defendant CC have violated the TCPA, FDCPA, MDCRA and the MGL 93a acts by calling the Plaintiff's home telephone without written express permission on at least 20 times from telephone numbers **(617) 581-1960 and (617) 581-1051** with a computerized artificial voice message looking for a Herminial Valorous.

63. Defendant CC called on at least these date

   **May 31, 2014  11:22 am**

   **May 27, 2014  6:53 pm**

   **May 27, 2014  6:53 am**

   **May 22, 2014 3:21 pm**

   **July 1, 2014 6:32 am**

   **June 27, 2014  637 pm**

   **June 24, 2014 1:08pm**

   **June 24, 2014  6:43am**

   **June 12, 2014 12:23pm**

   **June 7, 2014 8:48 am**

   **June 7, 2014 8:48 pm**

64. Plaintiff does not know or has ever known a Herminial Valorous, from the very first call the plaintiff has been trying to stop all calls from the defendant.

65. The computerized artificial voice message from defendant CC stated " **Please be advised this is a personal business message for Herminial Valorous if the intended party cannot be reached at this call 866-945-4973 and we will cease further attempts to this number if you are not the intended party please hang up at this time, this message contains private information and should not be played in a manner where it can be heard by others, This**

**call is from Credit Collection Services this is an attempt to collect a debt and any information obtained will be used for that purpose, visitcertifiednotice.com to access your personal account information your file number is 05052764766."**

66. On several occasions the plaintiff has called CC at 866-945-4973 to inform the defendant CC that there is no one by the name of Herminial Valorous at plaintiff telephone number and to remove the telephone number 413-363-1441 from their call center defendants informed the plaintiff that her number would be removed and it was not the calls continued.

67. Defendant Enhanced Recovery Company called plaintiff on at least these occasions below using an Automatic Dialing System looking for another individual other than the plaintiff the telephone number 800-496-8418 is registered to an Automatic Dialing Announcement Devise according to the Public Utility's Commission of Texas (See Attached P.U.C certified documents)

   **From 800-496-8418 0n July 2, 2014 at 12:03 pm**

   **From 800-469-8418 on July 20, 2014 at 8:29 am**

   **From 800-469-8418 on July 20, 2014 at 12:35 pm**

   **From 800-469-8418 on June 20, 2014 at 8:29 am**

   **From 800-469-8418 on June 12, 2014 at 12:35 am**

68. The defendant ERC has called plaintiff Paul Jones from telephone number 617-936-7732 on his Cellular telephone number ending in 5417 on several occasions using an Automatic Dialing Announcement Device without his permission or his consent on at least these dates below: July 16, 2015, June 16, 2015,

69. Defendant Diversified called plaintiff on at least these occasions below using an Automatic
    Dialing System looking for another individual other than the plaintiff the telephone number
    508-762-4339 is registered to the defendants call center LIVE VOX.

70. **From 508-762-4339 on May 5, 2014 at 3:03 pm**

    **From 508-762-4885 on April 16, 2014 at 4:39 pm,**

    **From 508-471-5726, on April 14, 2014 at 544pm**

    **From 508-762-4884 on April 21, 2014 at 316pm**

    **From 877-247-2144 on May 20, 2014 at 1:30 pm,**

71. During the relevant time period, DCI utilized a telephone system operated by LiveVox in order
    to place many, if not all, of its telephone calls. Both Mavis-Ann Pye, who was the DCI Vice
    President of Compliance, and the DCI website refer to the LiveVox system as a "predictive
    dialer." (Pye Dep. at 20-21; Lemberg Decl., Ex. F, DCI Website). "3 Every morning, DCI
    Director Jamie Sullivan uploaded a file containing telephone numbers into the LiveVox cloud-
    based server.4 The LiveVox system then called those numbers throughout the day. If someone
    answered the call, the system routed that call to a DCI debt collector. The parties dispute
    whether DCI or LiveVox actually placed the telephone calls. DCI had the option to store
    telephone numbers in the LiveVox system for up to 30 days. (Pye Dep. at 80)". "However, the
    numbers instead were erased at 1:00 a.m. every night, and DCI uploaded new numbers every
    morning. (Leszczynski Aff. ¶ 7). "Pye stated that DCI had the option for LiveVox to dial
    numbers sequentially; DCI did not, however, use that function. (Pye Dep. at 89).5 According to
    a memorandum written by LiveVox concerning the Telephone Consumer Protection Act, "the
    LiveVox Application Service, while able to store or produce telephone numbers to be called,
    does not have the capacity to store or produce numbers to be called using a random or

sequential number generator." (Pl. Mem., Ex. C). LiveVox therefore concluded that its system does not constitute an "automatic telephone dialing system" under the TCPA, but noted in the memorandum that this same Massachusetts Court has disagreed with that conclusion. (Id.) See **See Davis v. Diversified Consultants, Inc., *No. 13-10875 (D. Mass. June 27, 2014).***

72. *The District of Massachusetts recently entered summary judgment in favor of a plaintiff after deferring to FCC statements that purport to expand the definition of an automated telephone dialing system ("ATDS") to include predictive dialers that can dial stored numbers without human intervention.* **See Davis v. Diversified Consultants, Inc.,** *No. 13-10875 (D. Mass. June 27, 2014).*

73. **The defendant I.C System has a registered Automatic Dialing Announcement Device (hereafter ADAD) with the Public Utilities Commission of Texas and the physical location of the ADAD is Michelle Dove 444 Highway 96 E, ST PAUL, MN 50401, plaintiff will subpoena an inspection of this devise through discovery**.

74. This ADAD has the same definition of an Automatic Dialing System recognized by the FTC and the Telephone Consumer Practices Act (TCPA).

75. On or about January 1 2015 until on or about February 25, 2015 Defendant IC was calling the Plaintiff's Home telephone phone with a computerized artificial voice without prior permission or for emergency purposes looking for a Melisa Nunez also.

76. Defendant I.C Systems called approximately 62 times, when plaintiff answered several calls there was no one on the other line at all and then the telephone would go to a dial tone as if the defendant hung up.

77. The defendant I.C called plaintiff's telephone and the caller I.D displayed I.C System and some time it displayed block

78. The plaintiff does not know a person or has ever known a person by the name of Melisa Nunez, from the very first call the plaintiff has been trying to stop all calls from the defendant IC.

79. On several occasions defendant IC called plaintiffs home telephone plaintiffs caller ID showed IC Systems plaintiffs friend Paul Jones answered the phone several occasions and there was no one there for about 5 seconds then a live phone operator came on and stated can I speak with a Melisa Nunez plaintiffs roommate ask for his name he stated his name was Dennis Roftan then the representative hung up.

80. Defendant I.C Systems called plaintiff Alexis Karle with an Automatic Dialing Announcement Device on at least 61 occasions these dates are :

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 1:52 PM EST Tue Feb 24, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 3:55 PM EST Mon Feb 23, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 2:46 PM EST Fri Feb 20, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 12:14 PM EST Fri Feb 20, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:30 AM EST Fri Feb 20, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 3:58 PM EST Thu Feb 19, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 3:24 PM EST Wed Feb 18, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 12:05 PM EST Wed Feb 18, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 10:52 AM EST Tue Feb 17, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9:04 AM EST Tue Feb 17, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 5:48 PM EST Mon Feb 16, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 3:06 PM EST Mon Feb 16, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:41 AM EST Mon Feb 16, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 12:29 PM EST Sat Feb 14, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 5:09 PM EST Fri Feb 13, 2015**

**IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 12:33 PM EST Fri Feb 13, 2015**

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:26 AM EST Fri Feb 13, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 5:19 PM EST Thu Feb 12, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 1:37 PM EST Thu Feb 12, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 11:14 AM EST Thu Feb 12, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 4:28 PM EST Wed Feb 11, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 11:19 AM EST Wed Feb 11, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:58 AM EST Mon Feb 9, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:58 AM EST Mon Feb 9, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 2:22 PM EST Fri Feb 6, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:26 AM EST Fri Feb 6, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9:32 AM EST Sat Jan 31, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:49 AM EST Fri Jan 30, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 3:09 PM EST Thu Jan 29, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9:00 AM EST Thu Jan 29, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 5:33 PM EST Wed Jan 28, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 5:33 PM EST Wed Jan 28, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 10:57 AM EST Wed Jan 28, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:51 AM EST Tue Jan 27, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:19 AM EST Mon Jan 26, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9:00 AM EST Tue Jan 20, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8:25 AM EST Mon Jan 19, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9:42 AM EST Sat Jan 17, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9:47 AM EST Fri Jan 16, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 11s 9:13 AM EST Tue Feb 10, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 5:32 PM EST Mon Feb 9, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8s 10:38 AM EST Sat Feb 7, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 2:22 PM EST Fri Feb 6, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 8:26 AM EST Fri Feb 6, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 9:32 AM EST Sat Jan 31, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 50s 11:57 AM EST Fri Jan 30, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 8:49 AM EST Fri Jan 30, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 3:09 PM EST Thu Jan 29, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 10s 9:00 AM EST Thu Jan 29, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 3:32 PM EST Wed Jan 28, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 4s 10:57 AM EST Wed Jan 28, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8s 8:25 PM EST Tue Jan 27, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8s 8:51 AM EST Tue Jan 27, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 4s 5:47 PM EST Mon Jan 26, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 8:19 AM EST Mon Jan 26, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 5s 6:30 PM EST Tue Jan 20, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 1m 2s 10:18 AM EST Tue Jan 20, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 8s 9:00 AM EST Tue Jan 20, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 8:25 AM EST Mon Jan 19, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 9:42 AM EST Sat Jan 17, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 9s 9:47 AM EST Fri Jan 16, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 2s 8:03 PM EST Mon Jan 12, 2015

IC SYSTEM Debt; SYSTEM, IC (208) 515-7484 42s 8:33 AM EST Mon Jan 12, 2015

81.  Plaintiffs informed the defendants Stellar, IC and CC several times that they had the wrong
     number when she did get to a live person.

82. Defendant T-Mobile called plaintiff Alexis Karle on or about and left a computerized voice message that stated " **Hello this is Tmobile with an important message for Carl Hernandez , If this is Carl Hernandez please press one now otherwise press 2 to hear this message again press pound**".

83. This message was left without express permission or without an emergency purpose from defendant T-Mobile.

84. Plaintiffs Alexis Karle telephone number 413-363-1441has been listed on the do-not-call list for last being registered on March 31, 2014.

85. Since 2012, Plaintiff Paul Jones began receiving calls to numbers 3057671316. 3058096048, 3057484014, 786-431-0185 and 954-892-6540 from defendant Life Watch.

86. Plaintiffs received several Robo calls from Life Watch **602-841-8071 , (734) 255-6000, 2126621932, (718) 286-3946, Tuesday | April 14, 2015 | 11:54 AM EDT | 4 seconds** Life offering a medical alert devise and plaintiffs has never given written authorization to Life to call and offer anything for sale which is contrary to the TCPA and the new TCPA law that took effect on October 16, 2013, also the caller ID displayed Nguyen Duong 602-841-8071 which is contrary to the FDCPA, TCPA and MGL 93a false and deceptive trade practices Act.

Wednesday | July 15, 2015 | 3:20 PM

Thursday | July 16, 2015 | 1:58 PM

Saturday | July 25, 2015 | 10:09 AM

Monday | July 20, 2015 | 5:04 PM

April 27, 2015 | 12:41 PM Tuesday | April 14, 2015 | 11:54 AM EDT | Friday | May 8, 2015 |

87. The computerized voice message left on both plaintiffs Alexis Karle and Paul Jones VoIP and cell phone from defendant Life Watch stated: " Hello Seniors due to new health care

regulations you are now eligible to receive a personal medical alert system at no cost to you, since you have already been referred to by a friend or family member we have the system ready to be shipped to you, press one now to receive your personal medical alert system again press one now to receive your personal medical alert system press nine to opt out".

88.   This computerized voice mail is contrary to the TCPA, MGL 93a and MDCRA plaintiffs did not give Life Watch express permission to call with an Automatic Dialing Telephone System or to leave computerized message.

89.   Plaintiffs telephone numbers have been on the Do not call list for some time now each computerized voice message has a penalty of $500 for the first call and $1500 for each call after the first.

90.   **The plaintiff is charged for the calls that was made by the defendants** Stellar, I.C, CC, Diversified, ERC, Life and Tmobile **to the** plaintiff which is contrary to the Federal Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5),Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

91.   Plaintiff has written the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile with a Cease & Desist and debt validation notice and the defendant has refused to validate the debt which is contrary to the Federal Debt Collection Practices Act (FDCPA), Massachusetts Unfair & Deceptive Trade Practice Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

92.   The voice messages that where left by the defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile are computerized/artificial voice messages and are in direct contrary to Federal

Debt Collection Practices Act (FDCPA), Massachusetts Unfair & Deceptive Trade Practice

Act mgl 93a and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

93.   Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile failed to properly maintain or

train its personnel how to comply with the TCPA and the FCC rules and regulations.

94.   Defendant Tmobile called plaintiff several times from a block number asking for  Carl

Hernandez if this is please press 1 otherwise press two or to here this message again press

pound the plaintiffs press two.

95.   Plaintiffs have never given Tmobile or any of the defendant express written permission to call

here home phone with an ADAD and or ATDS which is contrary to the FDCPA, MDCRA,

TCPA and MGL 93a.

96.   Plaintiffs will be filing a summary judgment along with the Verified complaint, voice

messages, Cease & Desist letter and MGL 93a demand letter as soon as possible.


### COUNT I
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) (iii)
### BY DEFENDANTS STELLAR, I.C, CC, DIVERSIFIED, ERC, LIFE and TMOBILE

102.  Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated

herein.

103.  Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile has demonstrated willful or

knowing non-compliance with 47 U.S.C. §227(b)(1)(A) **(iii)** by using an automatic telephone

dialing system to call Plaintiff's home telephone number. which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any
person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

104. Plaintiff is charged for the call and enacts the call charge provision of the TCPA which there is a private rite of action of $500 for each violation and or Call.

105. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile have also violated the new TCPA law as of October 16, 2013 that states one must has written Express permission to call plaintiffs home, cell or wireless telephone number with an Automatic, Computerized prerecorded voice mail plaintiff demand $500 for each violation (Call & prerecorded voice mail that was left by each defendant).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile for $500 for each separate voice mail and telephone call and $1500 for each call after plaintiffs informed defendant to cease all calls. Plaintiff request statutory, treble punitive damages and injunctive relief from defendant, and any other the court fine appropriate.

## COUNT II
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5) BY DEFENDANTS STELLAR, I.C, CC, DIVERSIFIED, ERC, LIFE and TMOBILE

106. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

107. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.

108. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile called the Plaintiff's wireless, VoIP home phone, contrary to 47 U.S.C. §227(b)(2)(5).

109. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile has demonstrated willful or knowing non-compliance with 47 U.S.C. by calling the Plaintiff's wireless, VoIP home phone, which the plaintiff is charge for the call contrary 47 U.S.C. **§227(b)(1)(A)(iii)** which states in part;

110. The defendants wireless, VoIP home phone has demonstrated willful or knowing non-compliance with 47 U.S.C. by violating the call charge provision and by not having express permission:

**Telephone Consumer Protection Act 47 U.S.C. § 227 SEC. 227. [47 U.S.C. 227] RESTRICTIONS ON THE USE OF TELEPHONE EQUIPMENT (a) DEFINITIONS.— As used in this section— (1) The term "automatic telephone dialing system" means equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. (2) The term "established business relationship", for purposes only of subsection (b)(1)(C)(i), shall have the meaning given the term in section 64.1200 of title 47, Code of Federal Regulations, as in effect on January 1, 2003, except that— (A) such term shall include a relationship between a person or entity and a business subscriber subject to the same terms applicable under such section to a relationship between a person or entity and a**

**residential subscriber; and B) an established business relationship shall be subject to any time limitation established pursuant to paragraph (2)(G)).**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants wireless, VoIP home phone for $500 for each voice mail and $1500 for each call after plaintiffs informed defendant and to cease all Calls. Plaintiffs request statutory, treble punitive damages and injunctive relief from defendants, and any other the court fine appropriate and proper.

### COUNT III
### VIOLATION OF FEDERAL DEBT COLLECTION PRACTICES ACT BY DEFENDANTS STELLAR, I.C, CC, DIVERSIFIED, ERC, and TMOBILE

111. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

112. Plaintiffs are consumers within the meaning of § 1692a (3).

113. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile are debt collectors within the meaning of §1692a(6).

114. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile placed no less than 100 calls to plaintiff's wireless, VoIP Home telephone, after plaintiffs informed them that they had the wrong number or no express written permission to call plaintiffs telephone number and or they received plaintiffs Cease & Desist request. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile knew or should have known that the phone calls made were inconvenient to the consumers. Such communications are prohibited by 15U.S.C. $ 1692c (a) (l). Plaintiff demands $1000 from each defendant Stellar, I.C, CC, Diversified, ERC and Tmobile.

115. Defendant Stellar, I.C, CC, Diversified, ERC and Tmobile violated §1692e (10) by the use of any false representation or Deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of

$1000.

116. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile violated 15 U.S.C. §1692d by

engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

117. Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile violated the FDCPA. Defendant's

violations include, but are not limited to, the following:

**§1692e (5) by threatening to take any action that could not legally be taken or that was not intended to be taken.**

**§1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**§1692e (11) by failing to warn that it was a debt collector.**

**§1692g by failure to send a validation notice within five days of the initial communication.**

**§15 USC 1692d (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

**§15 USC 1692c 1 at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;**

**(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --**

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Stellar, I.C,

CC, Diversified, ERC and Tmobile for $1000.00 for statutory damages, actual damages, punitive

damages, and attorney's fees and costs of bringing this lawsuit.

### COUNT IV

### VIOLATIONS OF THE MASSACHUSETT UNFAIR & DECEPTIVE TRADE PRACTICES ACT MGL 93a 2

**By Defendants STELLAR, I.C, CC, DIVERSIFIED, ERC, Life and TMOBILE**

118. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

119. Defendant's Stellar, I.C, CC, Diversified, ERC, Life and Tmobile refused to stop contacting plaintiff and or contacted plaintiff and his phone bill was charged for the call.

120. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile violated the TCPA, FDCPA and the Massachusetts Debt Collection regulation act which triggers a violation of the Massachusetts Unfair Trade Practices Act.

121. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile refused to stop all calls after Plaintiff sent several requests by mail and verbally informed there call centers.

122. Defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile intentional called Plaintiffs and made Plaintiff phone ring and required Plaintiff to stop what he was doing and to answer a call made from an automatic telephone dialing system Plaintiff harm and Plaintiff needs relief.

123. The Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile never sent plaintiff and correspondence through the mail within 5-7 days of initial contact which is a violation of the FDCPA which triggered the MGL 93a violation.

124. Defendant Stellar, I.C, CC, Diversified, ERC, Life and Tmobile continued calling plaintiff regarding a nonexistent debt and or for someone that plaintiff has informed the defendants where not at his dialed telephone number or to sell goods or services.

125. The defendants Rauch, Anne Smith, Carley Johnson, Virtuoso and Dynamic employed unfair or deceptive acts to collect the alleged debt, in violation of M.G.L. c 93A 2.

126. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile failure to comply with the provisions constitutes an unfair or deceptive act under M.G.L 93 A 9 and, as such, plaintiffs is entitled to double or treble damages plus reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays that this honorable Court award him damages from Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile of double or treble damages plus reasonable attorney's fees.

## COUNT V
## VIOLATIONS OF THE MASSACHUSETT DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00
## By Defendants STELLAR, I.C, CC, DIVERSIFIED, ERC, Life and TMOBILE

127. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

128. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile called plaintiffs wireless number and or cell number more than twice a week which is contrary to the MDCRA.

129.    Defendants Stellar, I.C, CC, Diversified, ERC and Tmobile tried to collect on a nonexistent debt in Massachusetts contrary to the MDCRA

130. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile never sent plaintiff anything in writing after initial contact which is a contrary to the MDCRA 940 CMR 7.00.

131.    Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile violated MDCRA 940 CMR 7.00. (8) Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor.

132. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile called more than once a week a violation of the MDCRA 940 CMR which triggers the MGL 93a private right of actions.

133. Defendants Stellar, I.C, CC, Diversified, ERC, Life and Tmobile violated the MDCRA which triggers a violation of the MGL 93a.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands relief as the Court may determine to be just and proper.

**Dated: July 26, 2015**

Respectfully Submitted,

_____ _____

Alexis Karle /s/ ALEXIS KARLE        Paul Jones  /s/ PAUL JONES

79 Thompson Street                          572 Park Street

Springfield, Ma 01109                       Stoughton, MA 02072

413-693-4890                                    888-655-3004

**akarle92081@gmail.com**             **Pj22765@gmail.com**

## VERIFICATION OF VERIFIED COMPLAINT AND CERTIFICATION

STATE OF MASSACHUSETTS
Plaintiffs, Alexis Karle, Paul Jones, states as follows:

We are the Plaintiff in this civil proceeding.

We believe that this civil Complaint is well grounded in fact and warranted by existing

law or by a good faith argument for the extension, modification or law.

We believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. We have filed this Verified complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by us where appropriate, we have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones and Alexis Karle, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

**Dated: July 26, 2015**

     Alexis Karle    /s/ Alexis Karle

     Paul Jones  Prose    /s/ PAUL JONES