UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| Alexis Karle, Paul Jones, | |
|---|---|
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 3:15-cv-30095-MGM |
| Stellar Recovery, Inc., I.C. System, Inc., Credit Control Services, Inc., Diversified Consultants, Inc., Enhanced Recovery Company, LLC, TMobile, Lifewatch, Inc., d/b/a Lifewatch USA, | |
| Defendant. | |

## **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), Defendant, Credit Control Services, Inc. ("CCS") hereby submits its Memorandum of Law in Support of its Motion for Judgment on the Pleadings, and as grounds states as follows:

**I.      Introduction**

The underlying matter arises out of Plaintiffs' claims under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), for violation of G.L. c. 93A ("Chapter 93A") and for violation of the Massachusetts Fair Debt Collection Practices Act ("MFDCPA").  However, as the following will more specifically demonstrate, Plaintiffs' claims are without merit, thereby mandating judgment in CCS's favor as a matter of law.

As a threshold matter, Plaintiffs concede that the alleged calls made by CCS were made to Plaintiffs' residential landline attached to a Voice over IP[1] ("VoIP") for which she was charged a flat monthly fee.  It is undisputed that automated telephone debt collection telephone calls

---

[1] VoIP is a technology that allows a user to make voice calls using a broadband Internet connection instead of a regular (analog) phone line. *See* www.fcc.gov/encyclopedia/voice-over-internet-protocol-voip.  VoIP is a subset of internet telephony which refers to a broad range of services over the Internet that was traditionally performed over the telephone line.

made to a residential landline are exempt from liability under the TCPA. This exemption similarly applies to calls made to a VoIP landline where the party to whom the calls are made are charged a flat fee for the calls. Since Plaintiffs are admittedly charged a flat fee for the VoIP service, the alleged debt collection calls made to their residential landline are exempt from liability under the TCPA, and CCS is entitled to judgment on Plaintiffs' TCPA claims as a matter of law.

Plaintiffs' FDCPA claims similarly lack merit. First, Plaintiffs fail to establish the existence of a consumer debt, the attempted collection of which could give rise to liability under the FDCPA. In fact, Plaintiffs affirmatively concede that there is no existing debt for which CCS sought collection. Plaintiffs' inability to satisfy this fundamental element of their claim mandates judgment in CCS's favor as a matter of law. Relatedly, Plaintiffs proffer no factual allegations in support of any of their FDCPA claims. Instead, Plaintiffs conclusorily parrot the language of the individual subsections under which they bring their claims. These conclusions of law are accorded no weight, and, absent any minimal factual support, CCS is entitled to judgment as a matter of law. Finally, Plaintiffs repeatedly concede that they are non-debtors who do not owe the alleged debt which CCS attempted to collect. As non-debtors, Plaintiffs lack standing to assert claims under some of the FDCPA subsections asserted against CCS.

CCS is likewise entitled to judgment as a matter of law on Plaintiffs' Chapter 93A claims. Plaintiffs' Chapter 93A claims are predicated upon the existence of actionable TCPA and FDPCA claims. But, since these claims are unsustainable, their derivative Chapter 93A claim is similarly unsustainable. Finally, CCS is entitled to judgment on Plaintiffs' MFDCPA claims insofar as there is no private right of action under these regulations.

34545152v1 0976362

## II. Statement of Facts

Alexis Karle ("Karle") has a home telephone VoIP answering service for which she is charged "$7.00 per month fee for all calls." (Plaintiffs' Amended Complaint, attached as Exhibit A, ¶¶ 24, 44). Paul Jones ("Jones") is a non-subscriber to Karle's telephone and a customary user. (Ex. A, ¶ 36). Plaintiffs allege that CCS left several computerized artificial prerecorded voice mail message on Karle's home telephone VoIP answering service. (Ex. A, ¶ 24). Jones alleges that as a customary user, his privacy was interrupted by the unwanted calls. (Ex. A, ¶ 36). Plaintiffs are non-debtors who do not have any contractual obligation to pay CCS, and allege that CCS is attempting to enforce and a collect a non-existent debt. (Ex. A, ¶¶ 19-20). Plaintiffs allege that CCS contacted them at least 20 times with a computerized artificial voice message looking for a "Herminal Valorous." (Ex. A, ¶ 62).

## III. Plaintiffs' Claims

Plaintiffs assert claims against CCS for violation of the TCPA, FDCPA, Chapter 93A and MFDCPA. (Ex. A, *generally*).

## IV. Legal Standard

### A. Rule 12(c)

Rule 12(c) permits a party to move for judgment on the pleadings at any time "after the pleadings are closed" so long as the motion does not delay trial.[2] *See* Fed. R. Civ. P. 12(c). The legal standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard for evaluating a motion to dismiss under 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte-Torres v. Univ. of P.R.*, 445 F. 3d 50, 54-55 (1st Cir. 2006). Filed after the close of the pleadings, a Rule

---

[2] The pleadings are closed and a trial date has not been set. Therefore, the motion for judgment on the pleadings is ripe to be heard.

12(c) motion is "based solely on the factual allegations in the complaint and answer." *NEPSK Inc., v. Town of Houlton*, 283 F. 3d 1, 8 (1st Cir. 2002).

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F. 3d 26, 29 (1st Cir. 2008). Because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the inferences therefrom" in the nonmovant's favor. *R.G. Financial Corp. v. Vergarz-Nunez*, 446 F. 3d 178, 182 (1st Cir. 2006). As a result of the obligation to view the facts and reasonable inferences in favor of the nonmovant, however, a court should "treat any allegations in the answer that contradict the complaint as false." *Goodman v. Williams*, 287 F. Supp. 2d 160, 161 (D.N.H. 2003).

Two underlying principles guide a court's assessment as to the adequacy of the pleadings to support a claim for relief. "First the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Maldonado v. Fontanes*, 568 F. 3d 263, 268 (1st Cir. 2009). "Second, only a complaint that states a plausible claim for relief" will survive a motion for judgment on the pleadings. *Walter & Shuffain, P.C. v. CPA Mutual Insurance Company of America Risk Retention Group*, 660 F. Supp. 2d 116, 124 (D. Mass. 2004). Assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense to determine whether the well pled facts alleged in the complaint are sufficient to permit the court to infer more than the mere possibility of misconduct." *Sonia v. Town of Brookline*, 914 F. Supp. 2d 36, 41 (D. Mass. 2012).

B. *Pro Se* Litigants

"When dealing with a *pro se* plaintiff, the Court employs a somewhat lenient standard. A document filed *pro se* is to be 'liberally construed.'" *Mirabello v. Atrium Medical Corporation*, 2013 WL 1113502 at *1 (D. Mass. Mar. 15, 2013), *citing Estelle v. Gamble*, 429 U.S. 97, 106

(1976). However, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F. 3d 886, 890 (1st Cir. 1997); *Mirabello*, 2013 WL 113502 at *1 ("Of course, the generous standard has limits"); *Karle[3] v. Southwest Credit Systems*, 2015 WL 247981 at *2 (D. Mass. Jan. 20, 2015) ("self-represented status does not free a litigant in a civil case of the obligation to comply with procedural rules.") In that regard, even under a liberal construction, "the complaint must adequately allege the elements of a claim with requisite supporting facts." *Doherty v. Salem Five Cents Savings Bank*, 2013 WL 2251573 at *1, n.1 (May 21, 2013).

Dismissal of a *pro se* complaint is appropriate when the complaint fails to suggest an actionable claim. *See Muller v. Bedford VA Administration Hospital*, 2013 WL 702766 at *3 (Feb. 25, 2013); *Mirabello*, 2013 WL 113502 at *1 ("a *pro se* complaint can be dismissed for failure to state a claim if it appears that no showing of any set of facts consistent with the allegations in the complaint can be shown"); *Jones v. NCO Financial Services*, 2014 WL 6390633 at *3 (D. Mass. Nov. 14, 2014) ("where no such factual basis is provided, the [pro se] claims must be dismissed.")

Plaintiffs in the underlying matter are serial filers in the United States District Court for the District of Massachusetts. In fact, in *Jones*, the Court noted that Jones "is no stranger to litigation or litigation of similar claims." *Jones*, 2014 WL 6390633 at *3[4]. The Court observed that "Jones is a frequent litigant who has brought numerous similar claims before other courts,

---

[3] This case involved Alexis Karle as well.

[4] *See, e.g.*, *Paul Jones v. Optima Mortgage Corporation et al*, 13-cv-10531 (D. Mass. 2013); *Paul Jones v. Allied Interstate, LLC*, 13-cv-10633 (D. Mass. 2013); *Paul Jones v. Enhanced Recovery Company, LLC*, 13-10791 (D. Mass. 2013); *Paul Jones v. Client Services, Inc.*, No. 13-11274 (D. Mass. 2013); *Paul Jones v. Diversified Consultants, Inc.*, No. 13-11277 (D. Mass. 2013); *Paul Jones v. GC Services Limited Partnership*, No. 13-cv-11281 (D. Mass. 2013); *Paul Jones v. FMA Alliance, Ltd.*, 13-11286 (D. Mass. 2013); *Paul Jones v. Financial Recovery Services, Inc.*, 13-11309 (D. Mass. 2013); *Paul Jones v. Central Portfolio Control, Inc.*, 13-11325 (D. Mass. 2013); *Paul Jones v. Experian Information Solutions, Inc. et al.*, No. 14-cv-10218 (D. Mass. 2014); *Paul Jones et al. v. Frederick J. Hanna et al.*, 14-10301 (D. Mass. 2014); *Paul Jones v. Financial Management Systems et al.*, 15-11808 (D. Mass. 2015).

has responded to multiple motions to dismiss and has previously moved to amend similar complaints." (*Id.*)[5]

V.  **Argument**

   A.  Plaintiffs' TCPA Claims are Barred as a Matter of Law Because Plaintiffs Concede All Alleged Calls Were Made to a Residential Line for Which They are Charged a Flat Monthly Fee

47 U.S.C. § 227(b)(1)(B) sets forth the relevant law governing automated calls made to residential landlines, and provides in relevant part as follows:

> It shall be unlawful for any person with in the United States, or any person outside the United States if the recipient is within the United States –
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

*See* 47 U.S.C. § 227(b)(1)(B). The Federal Communication Commission ("FCC") has created two regulatory exemptions that are applicable to debt collection calls. *See Meadows v. Franklin Collection Service, Inc.*, 414 Fed. Appx. 230 (11th Cir. 2011). Notably, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made." *See* 47 C.F.R. 64.1200(a)(2)(iv). The FCC has made clear that these two exemptions "apply where a third party places a debt collection call on behalf of the company holding the debt." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8773, ¶ 39 (Jul. 26, 1995). The FCC has further clarified that "all debt collection circumstances involve a prior or existing business relationship." *Id.* at 8771-72, ¶ 36.

---

[5] Alexis Karle has also been before this court on similar claims *See, e.g.*, *Karle v. Southwest Credit Systems et al.*, 3:14-cv-30058-MGM (D. Mass. 2014).

Thus, it is widely accepted that debt collections calls made to a residential line are exempt from liability under the TCPA. *See, e.g.*, *Himes v. Client Services, Inc.*, 990 F. Supp. 2d 59, 68 (D.N.H. 2014). *Accord Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562 at *7 (Jun. 29, 2010); *Bates v. I.C. Systems, Inc.*, 2009 WL 3459740 at *1 (W.D.N.Y. Oct. 19, 2009); *Anderson v. AFNI, Inc.*, 2011 WL 1808779 at *10-*12 (E.D. Pa. May 11, 2011). This exemption is equally applicable where the debt collections calls are made to persons, whom, like Plaintiffs, are non-debtors. *See, e.g.*, *McBride v. Affiliated Credit Services, Inc.*, 2011 WL 841176 at *3 (D. Or. Mar. 6, 2011); *Santino v. NCO Financial Systems, Inc.*, 2011 WL 754874 at *5 (W.D.N.Y. Feb. 24, 2011); *Hoover v. Monarch Recovery Management, Inc.*, 888 F. Supp. 2d 589, 604 (E.D. Pa. 2012) (collecting cases).

Here, Plaintiffs concede that the calls made by CCS were made to a residential landline for which Karle is charged a flat monthly fee, (Ex. A, ¶¶ 24, 44), and that both Plaintiffs are non-debtors. (*Id.*, ¶¶ 19-20). Accordingly, since such calls are expressly exempted from coverage under the TCPA, CCS is entitled to judgment as a matter of law. *See, e.g.*, *Franasiak v. Palisades Collection, LLC*, 822 F. Supp. 2d 320, 326 (W.D.N.Y.) (granting judgment on the pleadings in favor of defendant on plaintiff's TCPA claim because "[t]his Court does not find unreasonable the FCC's determination that calls to nondebtors are commercial calls and that such calls do not adversely affect privacy rights protected under the TCPA."); *Corson v. Accounts Receivable Management, Inc.*, 2013 WL 4047577 at *9 (D.N.J. Aug. 9, 2013) ("the overwhelming majority of district courts…have held that erroneous debt collection calls are exempted by § 64.1200(a)(2)(iii) since they are commercial calls that do not include an unsolicited advertisement.").

Plaintiffs attempt to avoid this unequivocal exemption by asserting claims under 47 U.S.C. § 227(b)(1)(A)(iii), which provides in relevant part as follows:

7

> It shall be unlawful for any person with the United States, or any person outside the United States if the recipient is within the United States-
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial or prerecorded voice –
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

*See* 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiffs concede that the alleged phone calls were made to a VoIP service, which is a subset of internet telephony. At least one court that has considered this issue has found that "there is no indication that the internet telephony service is a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Daniel v. West Asset Management, Inc.*, 2011 WL 3207790 at *2 (E.D. Mich. Jul. 27, 2011); *cf. Nieto v. Allied Interstate, Inc.*, 2014 WL 4980376 at *3 (D. Md. Oct. 3, 2014). Accordingly, automated calls to a residence employing the use of such telephony services were exempt from coverage under the TCPA. *Id.*

But, even if actionable, calls made to Plaintiffs' VoIP service are not subject to this provision because Plaintiffs' are concededly not charged for calls on a "per call" basis. The Court's decision in *Lynn v. Monarch Recovery Management, Inc.*, 2013 WL 1247815 (D. Md. Mar. 25, 2013), *a'ffd* 586 Fed. Appx. 103 (4th Cir. 2014) is instructive. In *Lynn*, plaintiffs alleged that defendant called their residence using an automatic dialing system, and that such calls were made to her VoIP system for which he was charged $0.00149 for each transmission of caller ID for the incoming calls. *Id.* at *2. Although the court recognized the exemption for residential debt collection calls, the Court held that defendant was liable under the TCPA's

"charged call" provision, because the calls were made to her VoIP service and she was charged for each of the calls made. *Id.* at \*11-\*12.

CCS argues that, consistent with the decision in *Daniel*, internet telephony, including VoIP services, does not implicate the "charged call" provision relied upon by the Plaintiffs. But, even if applicable in some respect, Plaintiffs are admittedly charged a $7.00 monthly fee for all calls, and are not charged on a per call basis. Therefore, any reliance on this subsection for purposes of establishing liability under the TCPA is wholly misplaced.

B.  <u>Plaintiffs' Amended Complaint Fails to State Actionable FDCPA Claims</u>

A viable claim for violation of the FDCPA requires that a plaintiff establish three elements: "(1) that she was the object of collection activity arising from consumer debt; (2) defendants are debt collectors as defined by the FDCPA; and (3) defendants engaged in an act or omission prohibited by the FDCPA." *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014). But, "[c]onclusory allegations without any facts supporting the claim that Defendants violated the FDCPA are insufficient." *Akinfaderin-Abua v. LiPuma*, 2014 WL 1614858 at \*2 (D.N.J. Apr. 22, 2014); *Koolen v. Beltway Capital Management, LLC*, 2011 WL 561131 at \*5 (D.R.I. Jan. 3, 2011) ("generalized pleading does not put Defendants, or this Court for that matter, on reasonable notice as to the basis for Plaintiff's FDCPA claim.").

Under the FDCPA, a debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or servicers which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See* 15 U.S.C. § 1692a(5). The First Circuit has held that although "the FDCPA's definition of debt is broad," it "requires at least the existence or alleged existence of an obligation to pay money." *Arruda v. Sears, Roebuck & Co.*, 310 F. 3d 13, 23 (1st Cir. 2002).

9

Plaintiffs generally allege violations of the following subsections without distinction as to which claims apply to which individual defendants:

> Defendants…placed no less than 100 calls to plaintiff's wireless, VoIP home telephone, after plaintiffs informed them that they had the wrong number or no express written permission to call plaintiff's telephone number and or they received plaintiff's cease and desist request… Defendants knew or should have known that the phone calls made were inconvenient to consumers [and] prohibited by 15 U.S.C. § 1692c(a)(1).
>
> Defendants violated § 1692e(10) by the use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer.
>
> Defendants violated 15 U.S.C. § 1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.
>
> Defendants violated §§ 1692e(5), 1692e(11), 1692g, 1692d(5), 1692c(1)[6]

(Ex. A, pp. 25-26).

### i. Plaintiffs Fail to Establish Existence of Consumer Debt

As a threshold matter, Plaintiffs have not alleged that CCS was contacting them in an effort to collect a consumer debt – a fundamental and necessary element of their FDCPA claim. To the contrary, Plaintiffs admit that CCS was calling an unrelated third party. Plaintiffs make two conclusory and competing allegations regarding the existence of a debt, both of which are insufficient to sustain their claim. Specifically, Plaintiffs allege that "Defendants continues (sic) to attempt to enforce and collect a non-existent debt," and "[t]he debt defendants…were trying to collect is a consumer debt." (Ex. A, ¶¶ 15, 20). Conspicuously absent from Plaintiffs' complaint are any informing allegations regarding the nature of the debt including for what purposes the

---

[6] Plaintiffs parrot the exact language of each subsection identified.

34545152v1 0976362

debt was incurred, its amount, or when the debt was incurred. In fact, Plaintiffs expressly plead that they deny the existence of the debt altogether.

Absent such fundamental allegations establishing that CCS sought collection of a consumer debt, judgment should enter in CCS's favor. *See, e.g.*, *Beauvoir v. Israel*, 794 F. 3d 244 (2d Cir. 2015) (conclusory allegations regarding the existence of a "consumer debt" insufficient to sustain claim under FDCPA); *Hasbun v. Reconstrust Co., N.A.*, 2011 WL 2036435 at *2 (S.D. Fla. May 24, 2011) (dismissing FDCPA claim because plaintiff failed to properly plead existence of consumer debt where "the Complaint fails to identify any information about the alleged debt, including the form of the debt, the amount of the debt, or when debt was incurred."); *Montalbano v. National Arbitration Forum, LLC*, 2012 WL 3233595 at *5 (D. Md. Aug. 3, 2012) (dismissing FDCPA claim where "plaintiff has asserted no facts showing that plaintiffs' debt is a consumer debt.").

### ii. Plaintiffs Fail to Allege Factual Allegations in Support of Their Claims Under Each Individual Subsection

Plaintiffs proffer no factual allegations[7] in support of their individual claims under each separate subsection of the FDCPA. Instead, Plaintiffs conclusorily assert that "Defendants"[8] violated several subsections of the FDCPA, and then parrot the statutory language of the individual subsections as sole support for their claim. Such conclusory pleading, devoid of any factual support, is insufficient to sustain a claim under the FDCPA. *See, e.g.*, *Iqbal*, 556 U.S. at

---

[7] Plaintiffs do provide factual allegations in support of their claim under the TCPA. However, as discussed, this claim is unsustainable on other grounds.

[8] Plaintiffs failure to distinguish which subsections apply to which defendants violates the Rule 8 pleading requirements, and alone constitutes grounds for dismissal of the Amended Complaint. *See, e.g.*, *Rice v. Spencer*, 2014 WL 2453104 at *3 (D. Mass. May 29, 2014) ("referring to all of the defendants collectively, when it cannot be reasonably inferred that all of the defendants were involved, does not meet the requirements of Rule 8(a)."); *Grannum v. Massachusetts*, 2014 WL 51627 at *3 (D. Mass. Jan. 6, 2014) ("It would be unduly burdensome for the defendants to attempt to identify the precise cause of action asserted against them, and the grounds upon which each claim is based. The Complaint therefore fails to meet the pleading requirements of Rule 8.").

663 ("the tent that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Accord Greer v. Green Tree Servicing, LLC*, 2015 WL 4077432 at *3 (W.D. Wash. Jul. 6, 2015) (parroting statutory language of § 1692f was insufficient to state a claim under FDCPA); *Odish v. CACH, LLC*, 2012 WL 5382260 at *6 (S.D. Cal. Nov. 1, 2012) (conclusory statements and parroting language of statute were insufficient to sustain FDCPA claim); *McKibben v. Collection Professional Services*, 2010 WL 2025319 at *4 (dismissing FDCPA claim where "plaintiff's complaint only contains a conclusory allegation that parrots the language of the statute and does not identify any representation that was false, deceptive or misleading."). Plaintiffs' failure to assert any factual allegations in support of their FDCPA claims renders judgment in CCS's favor appropriate.

### iii. Plaintiffs Lack Standing to Assert Claims Under § 1692c

The only claim for which there is arguable support in the Amended Complaint is Plaintiffs' claim under § 1692c(a)(1). This subsection provides in relevant part as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collectors may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consume is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

*See* 15 U.S.C. § 1692c(a)(1).

Courts universally require a plaintiff bringing claims under certain FDCPA subsections, including § 1692c, to be a "consumer" as that term is defined in § 1692c(d)[9]. *See, e.g.*, *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 652 (E.D. Pa. 2012) (collecting cases); *Wright v. Fin. Serv. of Norwalk*, 22 F. 3d 647, 649 n. 1 (6th Cir. 1994) ("Only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c."). In their Amended Complaint, Plaintiffs repeatedly concede that they are non-debtors, and that someone other than themselves incurred the debt on which the defendants sought collection. (Ex. A, ¶¶ 26, 47). And, since Plaintiffs concede they are non-debtors, they lack standing to assert claims under § 1692c(a)(1). *See, e.g.*, *Corson v. Account Receivable Management, Inc.*, 2013 WL 4047577 at *5 (D.N.J. Aug. 9, 2013) ("Because Plaintiff is not a 'consumer' within the meaning of § 1692c, he does not have standing to assert a § 1692c(a)(1) claim.").

    C.    <u>CCS is Entitled to Judgment on Plaintiffs' Derivative Chapter 93A Claims Because the Statutory Claims on Which the Chapter 93A Claim is Based are Unsustainable as a Matter of Law</u>

Plaintiffs Chapter 93A claims are expressly based upon the existence of actionable TCPA and FDCPA claims. Specifically, Plaintiffs allege:

> Defendants…violated the TCPA, FDCPA and the Massachusetts Debt Collection Regulation Act which triggers a violation of the Massachusetts Unfair Trade Practices Act[10].
>
> Defendants never sent plaintiff and (sic) correspondence through the mail within 5-7 days of initial contact which is a violation of the FDCPA which triggered the MGL 93A violation.

---

[9] The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." *See* 15 U.S.C. § 1692a(3). Pursuant to § 1692c(d), for purposes of that subsection, the definition of "consumer" is expanded to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor or administrator." *See* 15 U.S.C. § 1692c(d).

[10] Plaintiffs only offer conclusory allegations in support of their claim under the MFDCPA, and do nothing more than parrot the language of the individual subsections themselves. Plaintiffs' failure to offer any factual support in furtherance of their MFDCPA claim renders it similarly unsustainable. *See, e.g.*, *Veal v. Portfolio Recovery, Inc.*, 2015 WL 1609109 at *5 (D. Mass. Apr. 9, 2015) (dismissing claim under 940 CMR 7.00 because "complaint provides no factual support for the allegation that the defendants claimed, attempted, or threatened to enforce a debt that they knew was not legitimate.").

13

(Ex. A, ¶¶ 120, 123).

Plaintiffs' Chapter 93A claim is expressly predicated upon the existence of actionable TCPA and FDCPA violations. But, since those claims fail as a matter of law, Plaintiffs' Chapter 93A claim is similarly unsustainable, and CCS is entitled to judgment as a matter of law on Plaintiffs' Chapter 93A claim as well. *See, e.g.*, *Waters v. Kream*, 770 F. Supp. 2d 434 (D. Mass. 2011) ("The Chapter 93A claims were predicated on the putative violations of the FDCPA. Since there was no underlying violation of the latter, there was no unfair or deceptive act or practice in violation of the former."); *Pimental v. Wachovia Mort. Corp.*, 411 F. Supp. 2d 32, 40 (dismissing Chapter 93A claims that "hinge[d] on breach of contract and negligence claims" where plaintiff made no "unique arguments related to the Chapter 93A claim").

### D. There is no Private Right of Action under the MFDCPA

Chapter 93A authorizes the Attorney General to adopt regulations for the purpose of interpreting the general prohibition against unfair or deceptive acts or practices. G.L. c. 93A, § 2(c). One area of regulation singled out by the Attorney General is debt collection activity. *See* 940 C.M.R. § 7.00 *et seq.* However, "[w]ithout an enabling statute to support it, a private cause of action cannot be inferred solely from an agency regulation."[11] *Ishaq v. Wachovia Mort., FSB*, 2010 WL 1380386 at *4 (D. Mass. Apr. 2, 2010). There is no enabling statue supporting a private right of action under 940 C.M.R. § 7.00 *et seq.* Instead, "[t]he chief remedy available to a consumer debtor who is injured or adversely affected by a debt collector's violation of [this statute] is a private right of action under the Consumer Protection Act." *See* 36 MAPRAC § 20.102 (3d ed. 2013); *see also Dean v. Compass Receivables Management Corp.*, 148 F. Supp.

---

[11] The Attorney General's office is an "agency" as defined in the State Administrative Procedure Act. *See* G.L. c. 30(A), § 1(2).

2d 116, 119 (D. Mass. 2001) ("Regulations issued by the Massachusetts Attorney General define unfair or deceptive acts or practices with respect to the collection of debts.").

Here, Plaintiff alleges that CCS committed numerous violations of 940 C.M.R. §§ 7.00 *et seq*. (Ex. A, ¶¶ 128-133). However, courts have routinely held that "940 CMR § 7.00, provide[s] no indication that a private right of action exists under these regulations." *Jones[12] v. NCO Financial Services*, 2014 WL 6390633 at *4 (D. Mass. Nov. 14, 2014); *Veal v. Portfolio Recovery, Inc.*, 2015 WL 1609109 at *5 (D. Mass. Apr. 9, 2015) (holding that there is no private right of action under 940 CMR § 7.00). Since the regulations do not provide a private right of action, Plaintiffs have no standing to assert such claims, and CCS is entitled to judgment on these claims as matter of law. *See, e.g.*, *Ishaq*, 2010 WL 1380386 at *4. (dismissing claim under 209 C.M.R. § 18.16(15) since regulation did not have a private right of action); *Vicente v. FCDB SNPWL Trust*, 2012 WL 474164 at *2 (D. Mass. Feb. 13, 2012) (judgment warranted for defendant on claims brought pursuant to 940 C.M.R. §§ 8.06(1) and 8.06(15) because no private right of action existed under the regulations). Since Plaintiffs lack a private right of action under the MFDCPA, CCS is entitled to judgment as a matter of law on this claim.

## VI. Conclusion

Based upon the foregoing, CCS respectfully requests this Court enter an Order granting judgment in its favor on Plaintiffs' Amended Complaint, along with such other relief as this Court deems appropriate.

---

[12] The undersigned represented the Defendant in this case against a claim by Paul Jones, who is also a Plaintiff in the underlying action.

15

Attorneys for Credit Control Services, Inc.
By: Its Attorneys

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, BBO #666252
Ranen S. Schechner, BBO #655641
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)

Dated: September 29, 2015.

# CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper Copies will be sent by First Class mail as follows:

Alexis Karle
79 Thompson Street
Springfield, MA 01109

Paul Jones
572 Park Street
Stoughton, MA 02072

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman